IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY CHISHOLM, | ) | Case No. 4:16CV3052 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| WARDEN MERLAK, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

This matter is before the undersigned on a motion to dismiss filed by Respondent Warden Merlak, Warden of Elkton Federal Correctional Institution ("Respondent"), on April 7, 2017.[1] ECF Dkt. #5. Petitioner Leroy Chisholm ("Petitioner"), acting *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 19, 2016.[2] ECF Dkt. #1. In the motion to dismiss, Respondent asserts that Petitioner's habeas petition should be dismissed for lack of jurisdiction. ECF Dkt. #5. Petitioner filed a response to Respondent's motion to dismiss on April 21, 2017. ECF Dkt. #6.

For the following reasons, the undersigned RECOMMENDS that the Court DENY Respondent's motion to dismiss for lack of jurisdiction (ECF Dkt. #5) and construe Petitioner's 28 U.S.C. § 2241 petition (ECF Dkt. #1) as a 28 U.S.C. § 2255 motion. Since a 28 U.S.C. § 2255 motion is properly filed in the jurisdiction where Petitioner was sentenced, the undersigned

---

[1] Petitioner filed the instant suit against "Warden Merlak," as reflected on the docket.

[2] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

RECOMMENDS that the Court TRANSFER the instant case to the United States District Court, Southern District of Georgia.

I. **PROCEDURAL HISTORY**

   A. **State Trial Court**

This petition arises from Petitioner's conviction and sentence in a criminal case in the United States District Court, Southern District of Georgia.[3] ECF Dkt. #1 at 2-3. In that case, Petitioner pleaded guilty to conspiracy to possess with the intent to distribute cocaine, hydrochloride, crack cocaine, and marijuana. *Id*. at 3. Subsequently, Petitioner was sentenced to a term of 151 months and a five-year term of supervised release. *Id.*

   B. **Direct Appeal**

In March 2014, Petitioner, acting *pro se*, filed a notice of appeal and an appellate brief in the Eleventh Circuit Court of Appeals. ECF Dkt. #1-1 at 2. In January 2015, Petitioner's appeal was denied. *Id*. Petitioner did not seek a writ of certiorari from the United States Supreme Court. ECF Dkt. #5 at 2.

   C. **Post-Conviction Proceedings**

In December 2014, Petitioner, acting *pro se*, filed a motion to reduce his sentence based on an amendment made by the United States Sentencing Commission to the Federal Sentencing Guidelines. ECF Dkt. #1-1 at 2. The United States District Court, Southern District of Georgia denied Petitioner's motion to reduce his sentence. *Id*. Petitioner, acting *pro se*, filed a notice of

---

[3]Respondent did not file a copy of the trial court records for Petitioner's underlying criminal case. Instead, Respondent cites to the docket for the underlying criminal case in the Southern District of Georgia. *See* ECF Dkt. #5 at 1. For the convenience of the Court, and since Petitioner and Respondent provide substantially similar recitations of the procedural history of this case, the undersigned cites to Petitioner's habeas petition and "Rule 3(c) Docketing Statement" when detailing the procedural history. *See* ECF Dkt. #1 at 2-3; ECF Dkt. #1-1 at 1-3; ECF Dkt. #5 at 2.

appeal. *Id*. The Eleventh Circuit affirmed the district court's denial of Petitioner's motion to reduce his sentence. ECF Dkt. #1-1 at 2-3.

## II. FEDERAL HABEAS CORPUS PETITION

Petitioner, acting *pro se*, filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 on December 19, 2016. ECF Dkt. #1. In his habeas petition, Petitioner asserts that his 151-month enhanced sentence as a career offender for having two prior felony convictions is unlawful. ECF Dkt. #1 at 4. Petitioner argues that based on the reasoning set forth in *Mathis v. United States*, 136 S. Ct 2243 (2016), and *United States v. Hinkle*, No. 15-10067, 2016 WL 4254372 (5th Cir. 2016), the two prior convictions used to enhance his sentence are no longer deemed adequate for enhancement purposes. Therefore, according to Petitioner, his 151-month sentence is unconstitutional.

Respondent filed a motion to dismiss on April 7, 2017. ECF Dkt. #5. Petitioner filed a response to Respondent's motion on April 21, 2017. ECF Dkt. # 6.

## III. STATUTORY SCHEME AND JURISDICTION

### A. Statutory Scheme

A federal prisoner who seeks to assert a claim attacking a conviction or sentence that allegedly violates the Constitution or laws of the United States should first seek the primary avenue of relief under 28 U.S.C. § 2255. *Davis v. United States*, 417 U.S. 333 (1974). Claims under 28 U.S.C. § 2255 challenge the imposition or duration of the prisoner's sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Claims challenging the execution or manner of the prisoner's sentence are brought under 28 U.S.C. § 2241. *Id*. Thus, a petitioner seeking to challenge how his sentence is being executed, such as the conditions of his

confinement or the calculation of a release date, should properly petition under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Generally, 28 U.S.C. § 2255 is the primary vehicle for relief for a petitioner who is held in federal custody and seeks to challenge defects in his conviction or sentence. However, 28 U.S.C. § 2255(e) provides a narrow exception known as the savings clause. Under the savings clause, a federal prisoner may challenge his conviction or sentence by filing a 28 U.S.C. § 2241 petition if it appears that "the remedy provided by § 2255 'is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e); *In Re Gregory*, 181 F.3d 713, 714 (6th. Cir. 1999). "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (internal citations omitted). Rather, "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence." *Martin v. Perez,* 391 F.3d 799, 802 (6th Cir. 2004) (quoting *Martin v. Perez,* 319 F.3d 799, 804 (6th Cir. 2004)). A claim of "actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Therefore, in order for a petitioner to establish actual innocence, he must show that, "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

**B.** **Jurisdiction**

Proper jurisdiction depends on whether a petitioner files a 28 U.S.C. § 2241 petition or a

4

28 U.S.C. § 2255 motion. Proper jurisdiction for the filing of a 28 U.S.C. § 2241 petition is in the district in which the prisoner is confined. *Id*. *See Sanders v. United States*, 373 U.S. 1, 14 (1963). If a petitioner files a 28 U.S.C. § 2255 motion, the proper jurisdiction for the filing is in the district of the sentencing court. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Since Petitioner is challenging the legality of his sentence, his petition is more properly construed as a motion pursuant to 28 U.S.C. § 2255. For the reasons presented below, the proper jurisdiction for a 28 U.S.C. § 2255 motion is the United States District Court, Southern District of Georgia, where Petitioner was sentenced.

**IV.    ANALYSIS**

Petitioner challenges the legality of his enhanced sentence based on his career offender status. ECF Dkt. #1. Accordingly, Petitioner must file a 28 U.S.C. § 2255 motion in the jurisdiction where he was sentenced. However, if Petitioner can prove that filing a 28 U.S.C. § 2255 motion is "inadequate or ineffective," Petitioner may file a 28 U.S.C. § 2241 petition under the savings clause pursuant to 28 U.S.C. § 2255(e). Here, Petitioner fails to prove that filing a 28 U.S.C. § 2255 motion is "inadequate or ineffective," and therefore, must file a 28 U.S.C. § 2255 motion. Although addressed as a 28 U.S.C. § 2241 petition, Petitioner's writ of habeas corpus is, in essence, a 28 U.S.C. § 2255 motion because Petitioner challenges the legality of his sentence.

Petitioner maintains that filing a 28 U.S.C. § 2255 motion would be "inadequate or ineffective" because the Eleventh Circuit would no longer have jurisdiction to grant Petitioner's relief under 28 U.S.C. § 2241, and therefore, filing a 28 U.S.C. § 2255 motion would not be favorable to Petitioner. ECF Dkt. #1 at 6. In his writ of habeas corpus, Petitioner argues that

recent court decisions have changed the application of the categorical approach in assessing predicate convictions, and that he should no longer be deemed a career offender. ECF Dkt. #1 at 10-11. In response, Respondent asserts that even assuming that the changes to the application of the categorical approach favor Petitioner's claim, Petitioner fails to demonstrate actual innocence under the statute. ECF Dkt. #5 at 5. Furthermore, Respondent avers that the fact that a 28 U.S.C. § 2255 motion has failed or would have failed does not render 28 U.S.C. § 2255 "inadequate or ineffective." ECF Dkt. #5 at 5.

Respondent also asserts that Petitioner cannot invoke the savings clause pursuant to 28 U.S.C. § 2255(e) because only prisoners who were sentenced under the mandatory guidelines prior to *United States v. Booker*, 543 U.S. 220 (2005), may invoke the clause. ECF Dkt. #5 at 5-6 (citing *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016)). Additionally, Respondent argues that Petitioner cannot invoke the savings clause because the Sixth Circuit has repeatedly rejected claims where the petitioner invokes 28 U.S.C. § 2255(e) to allege error in a career offender designation under the current interpretation of the Federal Sentencing Guidelines. *See, e.g.*, *Pittman v. Quintana*, No. 16-424, 2016 WL 6900788, at *3 (E.D. Ky. Nov. 22, 2016) (citing, *inter alia*, *Hayes v. Holland*, 473 Fed.Appx. 501, 502 (6th Cir. 2012) (collecting cases holding that the narrow scope of the savings clause "precludes resort[ing] to 28 U.S.C. § 2241 to challenge career offender enhancements")). ECF Dkt. #5 at 6.

Lastly, Respondent avers that accepting Petitioner's argument would sanction forum shopping by inmates collaterally attacking their convictions and sentences. ECF Dkt. #5 at 6. Petitioner's argument is that 28 U.S.C. § 2255 was inadequate because the sentencing court would have denied the motion under precedent set by the Eleventh Circuit. ECF Dkt. #5 at 5-6.

By this logic, Respondent asserts that a petitioner facing adverse precedent in the circuit in which he was convicted and sentenced could always claim that 28 U.S.C. § 2255 is inadequate because the motion is sure to fail, and thus file a 28 U.S.C. § 2241 petition, seeking more favorable precedent in the circuit in which he is incarcerated. ECF Dkt. #5 at 7.

In Petitioner's response to Respondent's motion to dismiss, he claims he can file a 28 U.S.C. § 2241 petition "when an ex post facto violation exists and the Petitioner is actually innocent of being a career offender." ECF Dkt. #6 at 2. Petitioner relies on a three-prong test used by the Seventh Circuit in *Brown v. Caraway*, to attack his conviction through the savings clause contained in 28 U.S.C. § 2255(e). ECF Dkt. #6 at 4. The three conditions are:

1. [T]he prisoner must show that he relies on a 'statutory-interpretation case,' rather than a constitutional case;

2. [T]he prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion; and

3. [T]he sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible thereof in a habeas corpus proceeding.

719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Petitioner claims he meets the first prong by relying on decisions established by the Supreme Court of the United States in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis,* 136 S. Ct 2243. ECF Dkt. #6 at 4. Petitioner claims he meets the second prong because the decisions set forth in *Descamps* and *Mathis* were made retroactive after the time allowed for Petitioner to file a 28 U.S.C. § 2255 motion had passed. ECF Dkt. #6 at 4. Finally, Petitioner claims he meets the third prong because his current term of imprisonment inflicts a far greater punishment than what the law allows. ECF Dkt. #6 at 5. Petitioner did not address

Respondent's assertion regarding the Sixth Circuit rejecting claims where petitioner invokes the savings clause by filing a 28 U.S.C. § 2241 petition to challenge career offender enhancements. Additionally, Petitioner did not address Respondent's assertion that accepting Petitioner's argument would sanction forum shopping.

Petitioner fails to argue that he is actually innocent. Rather than asserting that he is actually innocent of his federal offenses, Petitioner avers actual innocence of the career offender enhancement. The Sixth Circuit has consistently rejected claims brought by prisoners under 28 U.S.C. § 2241 alleging that the sentencing court improperly enhanced their federal convictions based upon prior state convictions. *See, e.g., Hayes*, 473 Fed.Appx. at 502.

Petitioner asserts in his direct response that even though he was sentenced after *Booker*, the method in which he was sentenced was erroneous. ECF Dkt. #6 at 2. This argument is without merit because Petitioner still fails to argue actual innocence of his federal offenses. Therefore, under Sixth Circuit precedent, Petitioner has failed to demonstrate that 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his sentence. Accordingly, Petitioner must file a 28 U.S.C. § 2255 motion with the sentencing court in order to challenge the legality of his sentence.

Although addressed as a 28 U.S.C. § 2241 petition, Petitioner's writ of habeas corpus is, in essence, a 28 U.S.C. § 2255 motion because Petitioner challenges the legality of his sentence. Accordingly, the proper jurisdiction to hear Petitioner's claim is the United States District Court, Southern District of Georgia. As Petitioner is acting *pro se*, the undersigned recommends that this Court order the instant case transferred to the United States District Court, Southern District of Georgia.

8

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY Respondent's motion to dismiss for lack of jurisdiction (ECF Dkt. #5) and construe Petitioner's 28 U.S.C. § 2241 petition (ECF Dkt. #1) as a 28 U.S.C. § 2255 motion. As a 28 U.S.C. § 2255 motion is properly filed in the jurisdiction where Petitioner was sentenced, the undersigned RECOMMENDS that the Court TRANSFER the instant case to the United States District Court, Southern District of Georgia.

DATE: June 21, 2017   /s/ *George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).